ed uncontradicted psychiatric testimony, *from the time of trial,* that "Bundy 'lacks a rational understanding of what is facing him' and ... lacks 'sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding'." *Id.* Again, petitioner's psychiatric evidence fails to support any contention that Card was unable to satisfy the *Dusky* standard. Finally, in *Bruce,* two psychiatrists pronounced the defendant insane at the time of trial, and the defendant was involuntarily committed by court order to a mental institution subsequent to those psychiatric evaluations. *Bruce,* 483 F.2d at 1034. Again, no such determinations have been made in this case.[9]

The district court in this case reviewed in great detail the evidence presented by the petitioner in support of his substantive competency claim. Its conclusion that petitioner did not unequivocally and positively generate a legitimate and substantial doubt as to his competency to stand trial, so as to warrant an evidentiary hearing on that issue, is not clearly erroneous.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of an evidentiary hearing on the issue of petitioner's competency to stand trial.

---

**David E. MOORE, an individual, Plaintiff–Appellee,**

**v.**

**SUN BANK OF NORTH FLORIDA, N.A., a Florida corporation, Defendant–Appellant.**

**No. 88–4018.**

United States Court of Appeals, Eleventh Circuit.

June 11, 1992.

Susan G. Sparks, J. Tjomas Kilpatrick, Smith Currie & Hancock, Atlanta, Ga., for defendant-appellant.

James P. Turner, Jessica Dunsay Silver, Miriam R. Eisenstein, Acting Asst. Attys. Gen., U.S. Dept. of Justice, Washington, D.C., for amicus curiae.

S. Grier Wells, W. Scott Cole, Brant, Moore, Sapp, MacDonald & Wells, P.A., Jacksonville, Fla., for plaintiff-appellee.

M. David Gelfand, Terry E. Allbritton, Appellate Advocacy Program, Tulane Law School, New Orleans, La., for amicus curiae.

Before TJOFLAT, Chief Judge, FAY, HATCHETT, EDMONDSON, COX, BIRCH and DUBINA, Circuit Judges *, and HILL and CLARK **, Senior Circuit Judges.

---

**9.** This court's decision in *James v. Singletary, supra,* does not mandate a different result. In *James,* this court granted an evidentiary hearing on the basis of clear psychiatric evidence that, because of his mental condition, the petitioner "definitely" lacked the attributes deemed by Florida law to be relevant to a determination of competency under the *Dusky* standard. *James,* 957 F.2d at 1574–75. *See also* Fla.R.Crim.P. 3.211. Petitioner in this case has made no such reference to these criteria, or to the *Dusky* standard in general, and has made no allegations of historical fact which clearly and unequivocally generate a legitimate and substantial doubt as to Card's competency to stand trial. Thus, petitioner has failed to satisfy the threshold standard for entitlement to an evidentiary hearing. It should also be noted that the experts who deemed Card competent at the time of trial utilized the criteria set forth in the Florida Rules of Criminal Procedure in making their determinations of competency. February 14 Order at 11.

* Judges Phyllis A. Kravitch and R. Lanier Anderson, III recused themselves and did not participate in this decision.

** Senior United States Circuit Judges James C. Hill and Thomas A. Clark, elected to participate in this decision, pursuant to 28 U.S.C. § 46(c).

PER CURIAM:

The order taking this case en banc, *see* 953 F.2d 1274 (11th Cir.1992), is vacated, and the panel opinion, *see* 923 F.2d 1423 (11th Cir.1991), is reinstated.

IT IS SO ORDERED.

---

In re N.P. MINING COMPANY, INC., Debtor.

ALABAMA SURFACE MINING COMMISSION, Plaintiff–Appellant,

v.

N.P. MINING COMPANY, INC., Defendant–Appellee,

C. MICHAEL STILSON, Trustee.

No. 91–7342.

United States Court of Appeals, Eleventh Circuit.

June 23, 1992.

Grady M. McCarthy, Jr., William B. Ware, Jasper, Ala., for plaintiff-appellant.

David A. Larsen, Susan S. Wagner, Berkowitz, Lefkovits, Ison & Kushner, Birmingham, Ala., for Trustee.

Ronald Lee Davis, Ezra Kenneth Aycock, Jr., Rosen, Cook, Sledge, Davis, Carrol, Jones & Adcox, P.A., Tuscaloosa, Ala., for defendant-appellee.

Before KRAVITCH, Circuit Judge, HENDERSON and CLARK *, Senior Circuit Judges.

KRAVITCH, Circuit Judge:

The Alabama Surface Mining Commission ("ASMC" or "Commission") appeals from a decision of the bankruptcy court, affirmed by the district court, holding that under the facts of this case, punitive civil penalties assessed after the debtor filed a voluntary petition for protection under chapter 11 and before the case was converted to chapter 7 liquidation proceedings were not entitled to administrative-expense

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.